**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| EDWARD J. McLAUGHLIN | : CIV. NO. 19-9451 (RMB) |
| Plaintiff | : |
| v. | : OPINION |
| TODD EDWARD HENRY, *et al.*, | : |
| Defendants | : |

**BUMB**, DISTRICT JUDGE

Plaintiff Edward J. McLaughlin, a prisoner incarcerated in the Federal Correctional Institution in Fairton, New Jersey, filed a civil rights complaint on April 9, 2019. (Compl., ECF No. 1.) Plaintiff paid the filing fee.

When a prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915A(b) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court dismisses the complaint.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSION

### A. The Complaint

Plaintiff's complaint arises out of his conviction of a criminal offense(s) in the U.S. District Court, Middle District of Pennsylvania. (Compl., ECF No. 1.) The Third Circuit Court of Appeals affirmed Plaintiff's conviction and sentence in an opinion filed on April 25, 2016. U.S. v. McLaughlin, No. 15-1193 (3d Cir. April 25, 2016).[1] Plaintiff filed a motion to vacate under 28 U.S.C. § 2255 in the U.S. District Court, Middle District of

---

[1] Available at www.pacer.org.

Pennsylvania. U.S. v. McLaughlin, 3:16-1307 (M.D. Pa. Mar. 16, 2018) but he later withdrew the motion. U.S. v. McLaughlin, 12cr179 (M.D. Pa. Mar. 15, 2018, ECF Nos. 339-42.)[2]

The defendants named in this action are Attorney Todd Edward Henry, Assistant U.S. Attorney Francis Sempa, U.S. District Judge A. Richard Caputo, Task Force Officer Timothy Handing, and FBI Agent Larry Whitehead in their individual and official capacities. (Compl., ECF No. 1, ¶I.B.) Plaintiff alleges that his criminal case remains pending in the Third Circuit Court of Appeals, Misc. Docket No. 16-8075, an action he describes as "Fraud on the Court." (Id., ¶VIII.B.6.) Plaintiff alleges "my 'Fraud on the Court' has languished on the 3d Circuit Appellate Docket for two and a half years. Court staff have advised me that they will never place my case on the calendar." (Compl., ECF No. 1 at 14.)

In the complaint, Plaintiff states:

> I assert and will prove that Caputo, Sempa, Henry Whitehead and Harding (1) obstructed justice, (2) committed perjury, (3) committed mail fraud and wire fraud, (4) falsified documents, (5) altered the transcripts, (6) denied me due process and embezzlement for Henry, who never withdrew via Anders as my Attorney and stole from my sister.
>
> The attached documents and my presentation at an evidentiary hearing will prove everything I am saying!

---

[2] Available at www.pacer.org.

> In addition, I was denied bail. Prior to my attempt to withdraw my plea, I was cast into the SHU in solitary confinement for 438 days without a charge being leveled against me. I intend to subpoena the person who ran the SHU (Officer Timothy Dietrich, who has agreed to testify) that while there, I had lived in a two-man cell with three other inmates (total of four men. Two in bunks and two with mattresses on the floor. If leaving a 65 year old, 100% Combat Disabled War Veteran in the SHU for well over a year is not a violation of Cruel and Unusual Punishment, then what is?)
>
> I was denied all outside contact. In over a year, I had only one, fifteen minute visit with Clergy. I had no phone or commissary privileges. I did not see the sun, moon, stars, a tree, grass or even a bird for well over a year – all in an attempt by the Government to "break me."

(Compl., ECF No. 1 at 16-17.) Plaintiff alleges he was held in solitary confinement at the federal holding facility in Bloomsburg, Pennsylvania for 438 days, and further he is a Catholic who was denied mass, confession and communion. (Id. at 19-20.) Plaintiff alleges that FBI Agent O'Malley, not named as a defendant in the complaint, started a rumor "on the block" that Plaintiff was a child pornographer. (Id. at 20.)

Plaintiff further alleged:

> Later I will pursue punitive damages under Cruel, Unusual and Inhumane Torture by Columbia County Prison and substandard medical care at Fairton. Finally, I will seek, at a later date, with outside counsel to pursue punitive damages as well as defamation (NOTE: My case was broadcast nationally on MSNBC for

5

>     (4) four consecutive nights) and for my ill
>     treatment during my illegal incarceration).

(Compl., ECF No. 1 at 22.) For relief, Plaintiff seeks money damages.

In a letter to the Court, Plaintiff stated that he wished to add an FTCA claim against the United States Government to the complaint, and that the bases for his FTCA claim are the same as his Bivens[3] claims. (Letter, ECF No. 5.) Plaintiff also filed a motion to appoint pro bono counsel. (Mot. to Appoint Counsel, ECF No. 4.)

    B.   <u>Claims for Future Filings</u>

The complaint is difficult to comprehend. The Court must determine which claims Plaintiff is bringing in this action and which claims he is only threatening to bring in a later action. Because the only defendants to the complaint are those associated with Plaintiff's criminal prosecution in the Middle District of

---

[3] The Supreme Court in Bivens found an implied remedy for a Fourth Amendment constitutional violation by a federal actor. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S 388 (1971). In Ziglar v. Abbasi, , the Supreme Court held that when a party seeks to assert an implied cause of action under the Constitution, a Bivens remedy will not be available if there are "'special factors counselling hesitation in the absence of affirmative action by Congress.'" 137 S. Ct. 1843, 1857 (2017) (quoting Carlson v. Green, 446 U.S. 14, 18 (1980) (quoting Bivens, 403 U.S. at 396). The Court need not decide whether it should extend Bivens to the context presented here because the complaint otherwise fails to state a claim against a federal actor who is not immune from suit.

Pennsylvania, the Court construes the complaint as a <u>Bivens</u> action against the named defendants for prosecutorial misconduct in violation of the Fifth Amendment, ineffective assistance of counsel under the Sixth Amendment and conspiracy, under 42 U.S.C. § 1985(3), to deprive Plaintiff of his civil rights in his prosecution.

The Court finds that Plaintiff did not yet intend to bring the Civil RICO claims he mentions in the complaint because he has not alleged facts to establish the elements of a claim.[4] Plaintiff

---

4 In <u>RJR Nabisco, Inc. v. European Cmty</u>, the Supreme Court explained that

> RICO's § 1962 sets forth four specific prohibitions aimed at different ways in which a pattern of racketeering activity may be used to infiltrate, control, or operate "a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." These prohibitions can be summarized as follows. Section 1962(a) makes it unlawful to invest income derived from a pattern of racketeering activity in an enterprise. Section 1962(b) makes it unlawful to acquire or maintain an interest in an enterprise through a pattern of racketeering activity. Section 1962(c) makes it unlawful for a person employed by or associated with an enterprise to conduct the enterprise's affairs through a pattern of racketeering activity. Finally, § 1962(d) makes it unlawful to conspire to violate any of the other three prohibitions.

136 S. Ct. 2090, 2097 (2016).

only raises the specter that the defendant's conduct, once fully exposed, violates RICO. The Court also finds Plaintiff did not yet intend to bring his Fourteenth and Eighth Amendment claims regarding the conditions of confinement in any detention facility because he did not name any defendants to such claims.[5] The Court construes the complaint as alleging that Plaintiff intends to bring such claims at a later date.

    C.    <u>Defense Attorney is not a Federal Actor Subject to Bivens Liability</u>

---

[5] Federal Rule of Civil Procedure 20(a)(2)(A), permissive joinder, provides, in relevant part:

> (2) *Defendants.* Persons … may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Rule 20 would not permit Plaintiff to bring his claims regarding conditions of confinement in the same action as his claims challenging the conduct of the attorneys, witnesses and judge in his criminal prosecution because the claims do not arise out of the same transaction, occurrence or series of transactions and occurrences. Therefore, if Plaintiff brings such claims, he will be required to file a new civil action, subject to payment of the filing fee or submission of an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).

"[A] Bivens action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. 1983." Hartman v. Moore, 547 U.S. 250, 258 (2006). To establish a claim for relief under Bivens, a plaintiff must demonstrate: (1) that the conduct was committed by a federal actor, and (2) that defendant's conduct deprived Plaintiff of a right secured by the Constitution or federal laws. Brown v. Philip Morris, 250 F.3d 789, 800 (3d Cir. 2001).

Plaintiff includes his criminal defense attorney, Todd Henry, as a defendant in the complaint, alleging he engaged in a conspiracy to deprive Plaintiff of his civil rights, that he never withdrew from representation, and that he stole money from Plaintiff's sister. Neither a privately-retained defense attorney nor a public defender act under color of federal law for purposes of a Bivens action when the attorney performs the traditional functions of counsel. Murphy v. Bloom, 443 F. App'x 668, 670 (3d Cir. 2011) (per curiam). Furthermore, plaintiff cannot assert civil rights claims on behalf of his sister. See O'Malley v. Brierley, 477 F.2d 785, 789 (3d Cir. 1973) (as a general rule, one may only assert his own constitutional rights and may not sue for the deprivation of another's civil rights) (citations omitted). Thus, the Court will dismiss the Bivens claim(s) against Defendant Todd Henry with prejudice.

D.  <u>Absolute Judicial Immunity</u>

The doctrine of judicial immunity protects judges from suit in all instances except where the judge acted in the clear absence of all jurisdiction. <u>Stump v. Starkman</u>, 435 U.S. 349, 356-57 (1978). There is a two-part inquiry for judicial immunity: 1) whether the actions were taken in the judge's judicial capacity; 2) and whether the actions, although judicial in nature, were taken in the absence of all jurisdiction. <u>Gallas v. Supreme Court of Pennsylvania</u>, 211 F.3d 760, 768-69 (3d Cir. 2000). Plaintiff has not alleged any actions by U.S. District Judge A. Richard Caputo that were not taken is his judicial capacity in Plaintiff's criminal prosecution or any judicial acts that were taken in absence of all jurisdiction. Judge Caputo has judicial immunity for the <u>Bivens</u> claims alleged in the complaint.

E.  <u>Prosecutorial Immunity</u>

Prosecutors are absolutely immune from liability under § 1983 [or <u>Bivens</u>] for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." <u>Yarris v. County of Delaware</u>, 465 F.3d 129, 135 (3d Cir. 2006) (quoting <u>Imbler</u>, 424 U.S. at 430–31) (alteration added). "A prosecutor is immune from suit even if he committed perjury or falsified evidence." <u>Green v. United States</u>, 418 F. App'x 63, 66 (3d Cir. 2011) (per curiam)

(citing Imbler v. Pactman, 424 U.S. 409, 431 n. 34 (1976)). Prosecutorial immunity extends to negotiations for a plea bargain. Kent v. Cardone, 404 F. App'x 540, 542-43 (2d Cir. 2011).

Assistant U.S. Attorney Francis Sempa is immune from suit for the alleged misconduct in negotiating and presenting Plaintiff's plea agreement in his criminal case.

F. Witness Immunity

"[A] trial witness has absolute immunity with respect to any claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 367 (2012) (citing Briscoe v. Lahue, 460 U.S. 325, 332-33 (1983)). The same immunity extends to a complaining witness in a grand jury proceeding. Id. at 359.

Because Plaintiff did not go to trial, the Court assumes that Plaintiff's allegation of perjury by Task Force Officer Timothy Handing and FBI Agent Larry Whitehead relates to their grand jury testimony. As grand jury witnesses, they are immune from Bivens claims.

G. Bivens and Conspiracy Claims under 42 U.S.C. § 1985(3) are Heck-barred

In Heck v. Humphrey, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

> plaintiff can demonstrate that the conviction
> or sentence has already been invalidated.

512 U.S. 477, 487 (1994). A conviction has been invalidated if it has been reversed, expunged, or impugned by a grant of a writ of habeas corpus. Id. at 489. The Heck-doctrine is also applicable to Bivens' actions brought by federal prisoners, See e.g. Garrett v. United States, ---F. App'x---, 2019 WL 2468978, at *1 (3d Cir. June 13, 2019) (per curiam); Murphy, 443 F. App'x 668, 669-70 (3d Cir. 2011) (per curiam), and conspiracy claims under 42 U.S.C. § 1985(3), see e.g. Zhai v. Cedar Grove Municipality, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam).

Plaintiff alleges the defendants conspired to deprive him of his constitutional rights by forging his plea agreement, falsifying documents, committing perjury, altering transcripts and other unspecified misconduct. These allegations, if true, would imply the invalidity of Plaintiff's conviction and sentence. Plaintiff has not alleged that his conviction and sentence in the Middle District of Pennsylvania has been reversed, expunged or impugned by a grant of a writ of habeas corpus, as required by Heck and its progeny, Plaintiff's Bivens and § 1985(3) claims are Heck-barred.

H.   FTCA Claim

A claim is cognizable under the Federal Tort Claims Act if the plaintiff alleges that the claim is:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

F.D.I.C. v. Meyer, 510 U.S. 471, 477 (1994)(quoting 28 U.S.C. § 1346(b)). Prior to bringing a claim against the United States under the Federal Tort Claims Act ("FTCA"), a plaintiff must first present a claim to the appropriate federal agency, and the agency must render a final decision on the claim, or the time for it to do so must expire. Burrell v. Loungo, 750 F. App'x 149, 154 (3d Cir. 2018) (per curiam) (citing 28 U.S.C. § 2675(a); Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015)). This exhaustion requirement is jurisdictional and cannot be waived. Id.

By letter, Plaintiff sought to add an FTCA claim to his complaint and he submitted his FTCA claim form. (Letter, ECF No. 5 at 6.) The claim form is improperly addressed to the United States District Court, District of New Jersey, Camden. The Court is not a federal agency that employs any of the federal actors

13

named in the complaint. See 28 U.S.C. § 2675(a). The Court dismisses the FTCA claim for lack of jurisdiction.

    I.    Motion to Appoint Pro Bono Counsel

A district court has authority to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), which provides: "[t]he court may request an attorney to represent any person unable to afford counsel." There is no statutory right to appointed counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Before a court may exercise its discretion to appoint counsel, it must first determine that Plaintiff's claim(s) has some merit in fact and law. Id. at 155. Because the Court has determined that the complaint should be dismissed, Plaintiff's motion to appoint pro bono counsel is denied.

III. CONCLUSION

For the reasons stated above, the Court dismisses the complaint with prejudice.

An appropriate order follows.

DATE: June 24, 2019    s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**